**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

---

Jermain Anderson,
Plaintiff

vs

Case No. 1:05-cv-344-SSB-TSH
(Beckwith, C.J.; Hogan, M. J.)

Hamilton County Board
of Commissioners, et. al.
Defendants

---

## REPORT AND RECOMMENDATION

---

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 19), pro se Plaintiff Anderson's memorandum in opposition (Doc. 20), and Defendants' reply. (Doc. 21). Also pending before the Court is defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22), Plaintiff's "Motion for Order of Relief" (Doc. 23), and Defendants' Memorandum in Opposition. (Doc. 25). For the reasons set forth more fully below, the Court recommends that Defendants' motions to dismiss be granted and Plaintiff's motion be denied.

Pro se Plaintiff Jermain Anderson initiated this action with the filing of a complaint on May 16, 2005. (Doc. 2). Plaintiff, an employee of Hamilton County Department of Job and Family Services (HCJFS), brings this action against her

employer, the Hamilton County Board of Commissioners, and individual defendants Julian Wagner, Jerald Freed, Donna Lang, Beth Reginelli, and Larry Mitchell, alleging claims of sex discrimination, sexual harassment, disability discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e et. seq., and the Americans with Disabilities Act (ADA), 29 U.S.C. § 621 et. seq.

Defendants move to dismiss plaintiff's complaint on both procedural and substantive grounds. Defendants argue that plaintiff's disability discrimination claim should be dismissed for failure to exhaust administrative remedies inasmuch as plaintiff did not include such a claim in her charge of discrimination which underlies this suit. Defendants also argue that plaintiff's sex discrimination claims which were part of her charge should be dismissed for failure to initiate her action within the ninety day time period as required by Title VII. Finally, defendants contend that to the extent plaintiff's claims survive these procedural challenges, her complaint fails to allege facts sufficient to support a prima facie claim of discrimination or retaliation.

**Motion To Dismiss for Failure to State a Claim**

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974). In other words, the purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

**Plaintiff's Disability Discrimination Claim Should Be Dismissed for Failure to Exhaust Administrative Remedies**

In order for the Court to have jurisdiction over plaintiff's Title VII claims,

plaintiff must first pursue administrative relief. *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991); *Sain v. American Red Cross*, 233 F. Supp.2d 923, 927 (S.D. Ohio 2002)(Rice, J.) *Cameron v. Bd. of Educ. of the Hillsboro, Ohio, City School Dist.*, 795 F. Supp. 228, 234 (S.D. Ohio 1991)(Spiegel. J.). While the timely filing of a charge with the EEOC or an equivalent state agency, in this case the OCRC, is not itself jurisdictional, this administrative filing requirement is a necessary prerequisite to filing a discrimination suit in federal court. *Ang*, 932 F.2d at 545; *Sain*, 233 F. Supp.2d at 927. The purpose behind this rule is to trigger the investigatory and conciliatory procedures and enable the Commission to attempt to obtain voluntary compliance with the law. *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998); *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). As the Court stated in *Schaffrath v. Akron/Summit/Medina Private Industrial Council*, 674 F. Supp. 1308, 1312 (N.D. Ohio 1987):

> If a plaintiff were permitted to bypass the conciliation procedures of [Title VII], by filing a civil action based upon allegations unrelated to the EEOC charge, it would frustrate the goals of [Title VII], which . . . contemplates informal voluntary resolution of the issues, with formal litigation remaining a last resort. Accordingly, courts have held that a judicial complaint cannot be predicated on entirely new unlawful practices which were not presented to or considered by the Commission.

In this Circuit, the charge filing requirement has been expanded such that the judicial complaint is limited to "the scope of the [administrative] investigation reasonably expected to grow out of the charge of discrimination." *Davis*, 157 F.3d at 463 (internal quotations omitted). *See also Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002); *Ang*, 932 F.2d at 545; *Cameron*, 795 F. Supp. at 234. One reason for expanding the filing requirement is because charges are frequently

filed by lay complainants. *Davis*, 157 F.3d at 463. The courts recognize that subsequent judicial actions should not be restricted by the lay person's failure to attach the correct legal conclusion to the charge or failure to include the exact wording which might be required in a judicial proceeding. *Id.* Therefore, when the EEOC or OCRC investigation of a charge in fact reveals that there is evidence of a different type of discrimination, a lawsuit based on the newly understood claim will not be barred for failure to exhaust administrative remedies. *Id.* (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). Likewise, where facts related with respect to the charged claim would prompt the Commission to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on such a claim. *Id.*

Thus, the determinative inquiry in this case is whether plaintiff alleged sufficient facts in her OCRC charge to put the OCRC/EEOC on notice of her disability discrimination claim despite the fact that she failed to check the appropriate box on her Charge form indicating that she intended to raise such a claim. *See Dixon*, 392 F.3d at 217-18. This Court finds that plaintiff's Charge of Discrimination fails to allege facts sufficient to bring a disability discrimination claim within the scope of the charge. Plaintiff's Charge of Discrimination form indicates that her claims of discriminatory treatment were based on race and retaliation. In the narrative portion of her Charge she states in full:

> I am an African American person who had complained about protected activity. I have been employed by the above named employer(hereinafter referenced as Respondent) since September 16, 1999,most recently in the Job Family Services Department.
>
> I. Prior to an on (sic) May 7, 2004, I was subjected to harassment

          and a hostile working environment.

II. Caucasian Section Chief, Donna Lang, has not given me a reason for the harassment and hostile working environment.

III. I believe I have been unlawfully discriminated against because of my race and in retaliation for the following reasons: A. I am accused daily of work related issues and disrespected by my Supervisor, Jerry Freed. B. Yvonne Marquette, Jim Armbrewster and Natalie Swisshelm, both (sic) Caucasian are not treated in this manner and they make mistakes. C. A voodoo object was placed in my cubicle. An investigation was conducted and Management did find in my favor. D. Respondent has denied me a transfer to another unit in order to alleviate the hostile working environment, that I am being subjected to.

(Doc. 2, Complaint, Charge of Discrimination, attached). Nothing in the Charge supports a finding that disability discrimination is within the expected scope of the investigation. Moreover, plaintiff has not offered any proof in response to defendants' motion indicating that the OCRC investigation in fact revealed evidence to support plaintiff's disability discrimination claim. *Weigel*, 302 F.3d at 380. For these reasons, defendants' motion to dismiss plaintiff's disability discrimination claim for failure to exhaust administrative remedies should be granted.

**Plaintiff's Claims Should Be Dismissed for Failure to Timely File the Judicial Complaint**

As noted above, before plaintiff may bring a judicial action under Title VII, she must first satisfy Title VII's statutory pre-requisites and pursue administrative relief. *Cameron v. Bd. of Educ. of the Hillsboro, Ohio, City School Dist.*, 795 F. Supp. 228, 234 (S.D. Ohio 1991)(Spiegel. J.)(citing *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)); *Brown v. Packaging Corporation of America, Inc.*, 846 F. Supp. 592, 595 (M.D. Tenn. 1993)(citing 42 U.S.C. § 2000e-5(f)). The pre-requisites

include the timely filing of an EEOC charge or a charge with an equivalent state agency, the receipt of a Right to Sue letter from the EEOC, and the timely filing of the judicial complaint. *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836 (6th Cir. 1994); *Bevins v. Dollar General Corp.*, 952 F. Supp. 504 (E.D. Ky. 1997); *Biggs v. North Central United Telephone Co.*, 1997 WL 829173 (S.D. Ohio Oct. 15, 1997)(Smith, J.).

Under Title VII, an employment discrimination suit must be filed within ninety days of the plaintiff's receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Failure to bring suit within the proscribed ninety day period is grounds for dismissal, absent a showing that the late filing is subject to waiver, estoppel, or equitable tolling. *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Federal courts have strictly enforced Title VII's ninety day statutory limit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *Williams v. Sears, Roebuck & Co.*, 143 F. Supp.2d 941, 944 (W.D. Tenn. 2001). The Supreme Court has made clear that Title VII's procedural requirements, including the ninety day limitations period, "are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)(*per curiam*). Rigid enforcement of the limitations period is favored by the courts because, "experience teaches that strict adherence to the procedural requirements is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

The Sixth Circuit has held that the ninety day limitations period begins running

five days after the EEOC's mailing of a right to sue letter. *Graham-Humphreys*, 209 F.3d at 557-58 (citing *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325-27 (6th Cir. 1988)). The Circuit's rule is based on a presumption that delivery and receipt of the notice occurs within the five day duration.[1] Thus, unless the plaintiff rebuts the presumption with proof that she did not receive notification within that period, the window for initiating litigation closes ninety-five days after mailing. *Id.* at 558.

In the present case, it is undisputed that the EEOC issued a right to sue letter which was mailed to plaintiff on December 9, 2004. (Doc. 2, Complaint, EEOC Notice, attached). Plaintiff claims that she did not receive the letter until February 20, 2004. (Doc. 2, Complaint, p. 2, § II(B)). Her complaint was filed in this Court on May 16, 2005. In response to defendants' motion to dismiss for failure to timely file her complaint, plaintiff fails to offer any evidence to rebut the presumption that the Notice was actually received within the ninety-five day limitations period. There is no evidence, for example, that the address to which the Notice was mailed was not a valid address for plaintiff at the time, or that she informed the EEOC of a change of address which they failed to note. Neither is there any evidence that the letter mailed to plaintiff on December 9, 2004 was returned by the Postal Service for any reason. Plaintiff's assertion that she did not receive the Notice until February 20, 2004, standing alone, is insufficient to overcome the presumption that she received the notice within ninety five days of the December 9, 2004, mailing date, and therefore her judicial complaint was not timely filed. Moreover, plaintiff has not offered any

---

[1] The Sixth Circuit allots two days for postal delivery of a right to sue letter beyond the three day period allowed by Fed. R. Civ. P. 6(e). *Graham-Humphreys*, 209 F.3d at n.9.

proof or argument to support a finding that her late judicial filing should be subject to waiver, estoppel, or equitable tolling. *Truitt v. County of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998)(citing *Zipes v. Transworld Airlines, Inc., Independent Federation of Flight Attendants*, 455 U.S. 385, 393 (1982)). Consequently, plaintiff's complaint should be dismissed for failure to file her complaint within the limitations period.

Because the Court recommends that plaintiff's complaint be dismissed for failure to exhaust administrative remedies and failure to timely file the action, the Court need not address defendants' arguments that plaintiff's complaint fails to set for a prima facie discrimination claim.

**Defendants' Motion to Dismiss Plaintiff's Amended Complaint Should Be Granted and Plaintiff's "Motion for Order of Relief" Should be Denied as Moot**

In response to defendants' motion to dismiss, plaintiff filed papers captioned "Memo in Opposition, Plaintiff in Opposition to Dismiss Complaint" with an attachment captioned "Complaint and Jury Demand Herein". (Doc. 20). These papers were filed on February 18, 2006. (Id.). The Calendar order entered in this case set a deadline of November 14, 2005, for filing a motion to amend the complaint. (Doc. 16). To the extent that plaintiff's memorandum in opposition to defendants' motion to dismiss could be or should be construed as an amended complaint, the amended complaint should be dismissed as untimely filed. Plaintiff did not move the Court for leave to amend as required by Fed. R. Civ. P. 15(a), nor did she file the proposed amended complaint within the deadline for motions to amend set forth by this Court. Moreover, as plaintiff did not seek an extension of time within which to file a motion

to amend, there is no basis to permit a late filing, not withstanding the fact that such an amendment cannot be made without leave of the Court.

Because the Court recommends that plaintiff's complaint be dismissed, plaintiff's filing captioned "Motion for Order of Relief" should be denied as moot. The motion appears to seek judgment on the merits, and an Order from the District Court awarding plaintiff $6,000,000.00 in damages. Plaintiff's complaint should be dismissed and this action should be terminated on the docket of this Court.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motions to dismiss (Docs. 19, 22) be GRANTED and plaintiff's motion for order (Doc. 23) be DENIED AS MOOT.

    s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

---

Jermain Anderson,
Plaintiff

vs

Case No. 1:05-cv-344-SSB-TSH
(Beckwith, C.J.; Hogan, M. J.)

Hamilton County Board
of Commissioners, et. al.
Defendants

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/14/2006. Any party may object to the Magistrate's findings, recommendations, and report within fifteen (15) days after the filing date of this report and recommendation or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

1:05cv344 Doc. 28

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jermain Anderson
1114 Waycross Road #A
Cinti, OH 45240

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7002 0860 0000 1409 2177

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-0835