UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jermain Anderson,                    :   Case No. 1:05-cv-344
                                     :
     Plaintiff,                      :
                                     :
vs.                                  :
                                     :
Hamilton County Board of             :
Commissioners, et al,                :
                                     :
     Defendants.                     :

**ORDER**

Before the Court are Plaintiff's Objections (Doc. 20) to the Report and Recommendation of the Magistrate Judge (Doc. 18).  The Magistrate Judge recommends that Defendants' motion to dismiss be granted, and that Plaintiff's motion for an "Order of Relief" (Doc. 23) be denied.

**BACKGROUND**

Plaintiff filed her pro se Title VII complaint against the Hamilton County Board of Commissioners, the County's Job & Family Services Department, and several individual County employees. Plaintiff alleged she was discriminated against because of her race and disability, and that she was retaliated against by her supervisors after she complained about the discriminatory treatment.  She alleges that she requested and was denied a transfer to another location, away from her supervisor.  She also alleges that she was on medical leave from May 10, 2004 through the date of filing her complaint.

-1-

Plaintiff's OCRC/EEOC charge, dated May 27, 2004 and attached to her complaint in this case, states she was subjected to harassment and a hostile working environment on account of her race.  It does not mention any disability Plaintiff has, or any discrimination against her based upon any disability.

The EEOC issued and mailed to Plaintiff a right to sue letter on December 9, 2004.  The face of that notice clearly told Plaintiff that she could file a lawsuit based on her OCRC/EEOC charge "WITHIN 90 DAYS of your receipt of this Notice." (emphasis in original)  Plaintiff's complaint alleges that she received the right to sue letter on February 20, 2005, almost two and a half months after the letter was mailed to her. Plaintiff's complaint in this case was filed on May 18, 2005.

Defendants filed a multi-pronged Rule 12 motion to dismiss (Doc. 19).  They argue that Plaintiff's disability claim is barred because Plaintiff failed to exhaust her administrative remedies.  Defendants also assert that Plaintiff's racial discrimination and retaliation claims should be dismissed because Plaintiff's complaint was not timely filed within the 90-day statutory period permitted under Title VII.  In addition, Defendants argue that Plaintiff has not adequately alleged a prima facie case of discrimination.

Plaintiff responded to Defendants' motion with a document that resembles an amended complaint.  (Doc. 20)  Plaintiff did

-2-

not seek leave to file this pleading, and the deadline for amending her complaint expired on November 14, 2005 pursuant to the Court's Scheduling Order.  Defendants filed a motion to dismiss Plaintiff's amended complaint as untimely.  (Doc. 22)

Construing the Plaintiff's pleading as an opposition to Defendant's motion, Plaintiff recites additional factual allegations concerning her discrimination and retaliation claims. For example, she asserts that one of her supervisors thought that "all African American families and the Plaintiff" were not trustworthy.  (See §22)  She also asserts that an African American male co-worker was treated more favorably than she was on a paperwork issue, an allegation suggesting gender, not racial, discrimination.  (See §§25-27)  There is no mention of gender discrimination in Plaintiff's OCRC charge or in her complaint.  She also asserts that she has been on medical leave since May 10, 2004 and has not been reinstated, despite her ability to return to work in some capacity.  (See §§42-45)

In regard to the timeliness of her complaint in this case, Plaintiff states that she

> . . . filed a complaint with the EEOC who goes by the actual date the Plaintiff received notice in which to file and granted the Plaintiff the Right to Sue letter based on the fact that the Plaintiff's Complaint was filed in a timely manner.

(See Doc. 20, §71)  While the meaning of this sentence is not entirely clear, Plaintiff seems to suggest that she timely filed

her OCRC/EEOC charge (which is apparently not in dispute), and
that her right to sue letter was granted because her
administrative charge was timely filed.  This statement does not
address the timeliness of her complaint in this case.

Plaintiff also filed a "Motion for Order of Relief" (Doc.
23), essentially summarizing her alleged losses, and requesting a
judgment of $6 million.

**DISCUSSION**

1.  <u>Standard of Review</u>.

The purpose of Rule 12(b)(6) is to allow a defendant to test
whether, as a matter of law, the plaintiff is entitled to legal
relief if all the facts and allegations in the complaint are
taken as true.  <u>See</u> <u>Mayer v. Mylod</u>, 988 F.2d 635, 638 (6th Cir.
1993) (citing <u>Nishiyama v. Dickson County</u>, 814 F.2d 277, 279 (6th
Cir. 1987)).  The complaint must be construed in the light most
favorable to the nonmoving party and its allegations taken as
true.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974); <u>Miller v. Currie</u>,
50 F.3d 373, 377 (6th Cir. 1995).  To survive a motion to dismiss
under Rule 12(b)(6), "a . . . complaint must contain either
direct or inferential allegations respecting all the material
elements to sustain a recovery under some viable legal theory."
<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th
Cir. 1988)(citations and internal quotation marks omitted).  The
test for dismissal under Rule 12(b)(6), however, is a stringent

-4-

one.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Hartford Fire Insurance Co. v. California</u>, 509 U.S. 764, 811 (1993) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  A complaint will not be dismissed pursuant to Rule 12(b)(6) unless no law supports the claim made, the facts alleged are insufficient to state a claim, or an insurmountable bar appears on the face of the complaint.

2.  <u>Plaintiff's Disability Claim</u>.  The Magistrate Judge recommended that Plaintiff's disability claim be dismissed for failure to exhaust administrative remedies.  The Court agrees with this recommendation.  Plaintiff's OCRC charge alleges no facts concerning any claim other than race and retaliation.  There is nothing in her charge that would put the administrative agencies on notice of any other claims, including disability and/or sex discrimination.  The purpose of the administrative exhaustion requirement is to permit the EEOC to investigate and secure voluntary compliance with Title VII.  This salutory purpose is thwarted when a plaintiff fails to present the full scope of her alleged claims to that agency.  See, e.g., <u>Ang v. Procter & Gamble Co.,</u> 932 F.2d 540, 545-546 (6th Cir. 1991), confirming the rule that a judicial complaint is limited to "the scope of the EEOC investigation reasonably expected to grow out

of the charge of discrimination."  Plaintiff's OCRC charge is plainly based on her race, and nothing in the charge would support a reasonable expectation that the OCRC or EEOC would also investigate other claims.

Therefore, the only claims that are properly before the Court are claims for racial discrimination and retaliation. Plaintiff's disability and/or gender claims, based on events that occurred prior to the filing of her OCRC/EEOC complaint, are therefore dismissed.

3.  <u>Timeliness of Plaintiff's Complaint</u>.  The Magistrate Judge recommended that Plaintiff's complaint be dismissed because it was not filed within the 90-day period set forth in 42 U.S.C. §2000e-5(f)(1).  The Court agrees with this recommendation.

The Sixth Circuit has held that the statutory ninety-day filing period commences on the fifth day following the EEOC's mailing of a right to sue notification, five days being a reasonable period to allow for mail delivery of the notice to the claimant.  Plaintiff's ninety-day period commenced on December 14, 2004, and she was required to file her complaint by March 14, 2005 unless she can prove that she did not receive the letter within the five days after December 9, 2004.  See <u>Graham-Humphreys v. Memphis Brooks Museum of Art</u>, 209 F.3d 552, 557-558 (6th Cir. 2000), and cases cited therein.

Plaintiff's complaint asserts that she received her right to

sue letter on February 20, 2005.  This date is 89 days prior to May 18, 2005, the date she actually filed her complaint in this case.  Plaintiff offers no explanation for the two and a half month delay in the receipt of her right to sue letter.  The Court notes that Plaintiff's address on the EEOC right-to-sue letter matches the address she listed on her complaint, belying any inference that the letter might have been sent to a wrong address.

The 90-day statutory period may be equitably tolled, when a plaintiff's failure to timely file arose from circumstances beyond plaintiff's control and without plaintiff's fault.  See generally, <u>Truitt v. County of Wayne</u>, 148 F.3d 644, 648 (6th Cir. 1998).  Equitable tolling must be applied sparingly, however, and does not permit a plaintiff to escape the consequences of her own neglect or lack of diligence.  See <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151 (1984).  A more flexible rule, or simply excusing untimely filing because of Plaintiff's pro se status, would circumvent the statutory mandate of 42 U.S.C. §2000E-5(f)(1).

Plaintiff utterly fails to explain the circumstances surrounding her assertion that she did not receive the right to sue letter until February 20.  Even if the Court were to accept that assertion, Plaintiff still had 22 days in which to file her complaint before the expiration of the 90-day period that is

-7-

clearly identified on the face of her right to sue letter.  She offers no explanation as to why she did not do so.  Therefore the Court has no basis upon which to excuse Plaintiff's untimely filing of her complaint, or to toll the statutory filing period.

The Court therefore accepts the Magistrate Judge's recommendation that Plaintiff's complaint be dismissed because it was not timely filed.  In view of this disposition, the Court need not address Defendants' alternate argument that Plaintiff has not properly alleged a prima facie case of discrimination.

For all of the foregoing reasons, Plaintiff's Complaint is dismissed with prejudice.  Defendant's motion to dismiss Plaintiff's amended complaint (Doc. 22) is granted.  To the extent that Plaintiff's amended complaint raises claims not contained in her OCRC/EEOC complaint and based upon events occurring after she filed that complaint, those claims are dismissed without prejudice.  The Court expresses no opinion on whether or not those claims are timely or have merit.  Plaintiff's motion for an "Order of Relief" (Doc. 23) is denied as moot.

DATED: September 20, 2006          s/Sandra S. Beckwith
                                   Sandra S. Beckwith, Chief Judge
                                    United States District Court